Samuel A. Diddle, ISB No. 4967
David M. Swartley, ISB No. 5230
**EBERLE, BERLIN, KADING, TURNBOW
& McKLVEEN, CHARTERED**
1111 West Jefferson Street, Suite 530
P. O. Box 1368
Boise, ID 83701
Telephone:   (208) 344-8535
Facsimile:    (208) 344-8542

Attorneys for Assemblies of God Loan Fund

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF IDAHO**

| In re: | ) | |
|---|---|---|
| | ) | Case No. 13-00043-JPD |
| | ) | (Chapter 11) |
| CENTRAL ASSEMBLY CHRISTIAN | ) | |
| LIFE CENTER, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**MOTION TO DISMISS**

COMES NOW, Assemblies of God Loan Fund (hereinafter "Assemblies of God"), by and through its counsel of record, the law firm of Eberle, Berlin, Kading, Turnbow & McKlveen, Chartered, and hereby moves this Court to dismiss this chapter 11 case pursuant to 11 U.S.C. §1112(b)(4)(J).

**I. FACTUAL AND PROCEDURAL HISTORY**

On January 10, 2013, Central Assembly Christian Life Center (hereinafter "Debtor") filed its chapter 11 petition in bankruptcy. *See* Petition (CR 1). The 120 day period prescribed by 11

U.S.C. § 1121(b), under which the Debtor has the exclusive right to file a plan, expired on May 10, 2013. To date the Debtor has filed neither a Disclosure Statement nor a Plan.

## II. RELIEF REQUESTED

Pursuant to 11 U.S.C. § 1112(b), Assemblies of God requests that the Court dismiss this case. Dismissal will serve the best interests of creditors. The Debtor's secured and unsecured creditors will be able to exercise their lawful rights and remedies with respect to the collateral, or otherwise proceed against the Debtor following dismissal of the case and termination of the automatic stay. Dismissal is also in the best interest of the estate. Rather than formulating a plan and satisfying creditors, the Debtor intends to continue prepetition litigation. When the Debtor may propose a plan is unknown. In the meantime the estate will continue to be consumed by the Debtor's monthly operating expenses and payroll expenses.

## III. ARGUMENT

The Bankruptcy Code requires conversion or dismissal upon a showing of "cause," absent unusual circumstances. 11 U.S.C. § 1112(b). Section 1112(b)(1) of the Bankruptcy Code provides in relevant part:

> [O]n request of a party in interest . . . absent unusual circumstances specifically identified by the court that establish the requested conversion or dismissal is not in the best interest of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

11 U.S.C. § 1112(b)(1).

The 2005 amendments to Section 1112(b) reduced the bankruptcy court's discretion to convert or dismiss a chapter 11 case by changing "may" to "shall." "Under current § 1112(b), if a movant demonstrates cause, dismissal or conversion is now generally required." *In re Wallace*,

2010 WL 37851 at *3 (Bankr.D.Idaho Jan. 26, 2010); *see also In re Gateway Access Solutions*, 374 B.R. 556, 560 (Bankr. M.D. Pa. 2007) (stating "[t]hus, the statutory language has been changed from permissive to mandatory").

Once cause has been established, conversion or dismissal is required "absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of the estate." 11 U.S.C. § 1112(b)(1). It may also be possible for the party opposing conversion to prevail by satisfying the burden of proof under the exception to conversion or dismissal found in Section 1112(b)(2), unless the relevant cause is continuing loss or diminution plus lack of reasonable likelihood of rehabilitation. 11 U.S.C. § 1112(b)(2).

As this Court has noted, 11 U.S.C. § 1112(b) has been described as "linguistically difficult." *In re Wallace*, 2010 WL 378351 at *6 (*citing* 7 Collier on Bankruptcy ¶ 1112.05[2], 1112-44). In the face of the statute's difficult language, this Court has adopted the following as the appropriate interpretation of 11 U.S.C. § 1112(b):

> Once "cause" has been demonstrated, the Court must convert or dismiss, unless the Court specifically identifies "unusual circumstances . . . that establish that such relief is not in the best interest of creditors and the estate." 11 U.S.C. § 1112(b)(1). However, absent unusual circumstances, the Court must not convert or dismiss a case if (1) there is a reasonable likelihood that a plan will be confirmed within a reasonable time; (2) the "cause" for dismissal or conversion is something other than a continuing loss or diminution of the estate coupled with a lack of reasonable likelihood of rehabilitation; and (3) there is reasonable justification or excuse for a debtor's act or omission and the act or omission will be cured within a reasonable time. 11 U.S.C. § 1112(b)(2); 7 Collier on Bankruptcy ¶ 1112.04[1] (Alan N. Resnick and Henry J. Sommer, eds. 15th ed. rev. 2008).

*Id.* (quoting *In re Orbit Petroleum, Inc.*, 396 B.R. 145, 148 (Bankr. D.N.M. 2008)).

Section 1112(b)(4) provides a non-exclusive list of bases constituting "cause" and requiring conversion to chapter 7 or outright dismissal. *See In re Wallace*, 2010 WL 378351 at *2. In this

**MOTION TO DISMISS - 3**
12014-1/00455734.000

present matter, Debtor has failed to file a disclosure statement and file a plan within the time fixed by 11 U.S.C. § 1112(b). A plan and a disclosure statement was due 120 days following the filing of Debtor's petition. One-hundred twenty days after January 10, 2013, was May 10, 2013. The Debtor filed no plan and no disclosure statement on or before May 10, 2013, and to date, no plan and no disclosure statement has been filed with the Court.

There are no unusual circumstances establishing that conversion or dismissal is not in the best interest of creditors. Absent a dismissal, the Debtor will be able to continue to frustrate creditors' attempts to collect amounts due through the automatic stay. Moreover, creditors have no reason to believe that a chapter 11 plan will be confirmed, let alone filed, any time soon.

In addition, conversion of this case to a chapter 7 bankruptcy may not be possible or even practical. The Debtor may not be eligible for a chapter 7 bankruptcy based upon 11 U.S.C. § 727 of the Bankruptcy Code as the Debtor is a non-profit corporation and not an individual.

There is also no reasonable likelihood that a plan will be confirmed within a reasonable period of time. In determining whether there is a reasonable possibility of a successful reorganization within a reasonable time, in this circuit, after the expiration of the exclusivity period, "the debtor must offer sufficient evidence to indicate that a successful reorganization within a reasonable time is **assured**." *See In re Sun Valley Newspapers, Inc.*, 171 B.R. 71,75 (9th Cir. BAP 1994) (interpreting § 362(d)(2)(B) and quoting *In re Holly's Inc.*, 140 B.R. 643, 700 (Bankr. W.D.Mich. 1992) (internal quotations omitted.)). Given that the Debtor has failed to file a chapter 11 plan and disclosure statement, a successful reorganization is not assured.

## IV. CONCLUSION

In this matter, cause exists to dismiss the Debtor's chapter 11 bankruptcy on the basis that the Debtor failed to file a plan and a disclosure statement within the first 180 days following the filing of the petition for bankruptcy. In addition, no unusual circumstances exist that establish that dismissal would not be in the best interests of creditors and the estate, and no other exceptions to mandatory conversion or dismissal apply. Therefore, the Debtor's chapter 11 case should be dismissed.

DATED September 10, 2013.

                          EBERLE, BERLIN, KADING, TURNBOW,
                          & MCKLVEEN, CHARTERED

                          By_____
                            David M. Swartley, of the firm
                            Attorneys for Creditor, Assemblies of God Loan
                            Fund

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of September, 2013, I electronically filed the foregoing MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Sarah B. Bratton sarah@martellelaw.com

Sam A. Diddle sdiddle@eberle.com

Richard W. Sweney rws@lukins.com

United States Trustee ustp.region18.bs.ecf@usdoj.gov

AND, I HEREBY CERTIFY that I have served the foregoing document to the following non-CM/ECF Registered Participants **via U.S. Mail** (list names and addresses):

Central Assembly Christian Life Center
12000 W. Fairview Ave.
Boise, ID 83713

AA Landscaping
6835 W. Elder Street
Boise, ID 83709

AA Sanitation Service LLC
5641 Cascade Road
Emmett, ID 83617

Barbara Elizondo
c/o Central Assembly
12000 W. Fairview Ave.
Boise, ID 83713

Delta Dental
Bank Lockbox Processing
PO Box 271372
Salt Lake City, UT 84127-1372

Donna Spets
c/o Central Assembly
12000 W. Fairview Ave.
Boise, ID 83713

**MOTION TO DISMISS - 6**
12014-1/00455734.000

Internal Revenue Service
Department of the Treasury
Ogden, UT 84201-0010

Ken Snodgrass
c/o Central Assembly
12000 W. Fairview Ave.
Boise, ID 83713

Linda Buck
c/o Central Assembly
12000 W. Fairview Ave.
Boise, ID 83713

Michelle Rowe
c/o Central Assembly
12000 W. Fairview Ave.
Boise, ID 83713

Mountain West Bank
802 W. Bannock Street, Suite 1100
Boise, ID 83702

Nampa Meridian Irrigation
1503 First Street South
Nampa, ID 83651

Nancy Smith
c/o Central Assembly
12000 W. Fairview Ave.
Boise, ID 83713
Nathan Devore
c/o Central Assembly
12000 W. Fairview Ave.
Boise, ID 83713

Philadelphia Insurance Co.
PO Box 70251
Philadelphia, PA 19176-0251

Ramona Twaddle
c/o Central Assembly
12000 W. Fairview Ave.
Boise, ID 83713

**MOTION TO DISMISS - 7**
12014-1/00455734.000

Ryan Shervik
c/o Central Assembly
12000 W. Fairview Ave.
Boise, ID 83713

Sharon White
c/o Central Assembly
12000 W. Fairview Ave.
Boise, ID 83713

Ted Buck
c/o Central Assembly
12000 W. Fairview Ave.
Boise, ID 83713

/s/
David M. Swartley

Case 13-00043-JDP    Doc 78    Filed 09/11/13    Entered 09/11/13 13:16:33    Desc Main
Document    Page 8 of 8

**MOTION TO DISMISS - 8**
12014-1/00455734.000